UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DORIAN K. HOLLIDAY,

Plaintiff,

-against-

CROTON ON HUDSON; M.T.A. TRANSIT; ALVIN LI; SHEA WILLIAM; ADRIAN LOUGHNANE; ANTHONY TORTORA,

Defendants.

26-CV-5571 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff, who currently is detained at the Westchester County Jail, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated July 6, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court (1) dismisses Plaintiff's claims insofar as seeks dismissal of his criminal charges; (2) dismisses Plaintiff's claims against Croton-on-Hudson; and (3) directs service on the remaining defendants.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that it determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (explaining that Sections 1915(e)(2)(B) and Section 1915A provide "an efficient means by which a court can," *sua sponte*, "screen for and dismiss legally insufficient claims"). The Court must also dismiss a complaint when the Court lacks

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

subject matter jurisdiction, and may do so *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3); *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (explaining that where a court lacks subject matter jurisdiction, "the court has the duty to dismiss the action sua sponte"). At the same time, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A. Claims seeking dismissal of criminal charges

In addition to seeking money damages, Plaintiff also asks the Court to dismiss the criminal charges brought against him arising from his April 25, 2026 arrest. (*See* Compl. at 5 (ECF 1).) In *Younger v. Harris,* 401 U.S. 37, 43–44 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."); *Gristina v. Merchan*, 131 F.4th 82, 86–87 (2d Cir. 2025) (discussing *Younger*, and explaining that one of the categories where *Younger* abstention applies is to "a pending state criminal prosecution"). "[B]ad faith or harassment" exists when the party bringing the state court action has "no reasonable expectation of obtaining a favorable outcome.'" *Homere v. Inc. Vill. of Hempstead*, 322 F. Supp. 3d 353, 368 (E.D.N.Y. 2018) (quoting *DeMartino v. New York State Dep't of Labor*, 167 F. Supp. 3d 342, 354 (E.D.N.Y. 2016) and *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994)); *see also Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (noting that bad

faith under *Younger* "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction"); *Dougal v. Lewicki*, No. 23-CV-1167, 2023 WL 6430586, at *9 (N.D.N.Y. Oct. 2, 2023) (holding that the plaintiff's claim that "his neighbors' complaints which led to the charges were false" was "insufficient" on its own to show bad faith or harassment, and did not "overcome the presumption that federal courts should not interfere in ongoing state court matters" (citing *Anilao v. Spota*, 27 F.4th 855, 866 (2d Cir. 2022)); *DeMartino*, 167 F. Supp. 3d at 355–56 (holding that the plaintiff's barebones allegations that the criminal charges pending against him were based on malicious communications by some of the defendants did not "serve as the factual predicate for a plausible finding of bad faith").

Here, Plaintiff's state court criminal proceedings are ongoing, *see People v. Holliday*, No. Ind-71211-26/001 (Westchester Cnty. Ct.), and he has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state court criminal proceedings. The Court therefore dismisses Plaintiff's claims in which he asks this Court to enjoin his ongoing state court criminal proceedings.

**B. Claims against Croton-on-Hudson**

To the extent Plaintiff's Complaint names Croton-on-Hudson as a Defendant, the Court dismisses his claims against the municipality.[2] When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011)

[2] The caption of the complaint suggests that Plaintiff may have intended to name a single entity named "Croton on Hudson M.T.A. Transit." (*See* Compl. at 1.) Because such an entity does not exist, and in light of Plaintiff's *pro se* status, the Court construes the complaint as asserting claims against both the municipality of Croton-on-Hudson and the Metropolitan Transportation Authority.

("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. County of Erie,* 654 F.3d 324, 333 (2d Cir. 2011) (same). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (describing elements); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (same).

Here, Plaintiff does not allege any facts suggesting that Croton-on-Hudson has a policy, practice, or custom that has caused a violation of his federal constitutional rights. In fact, as Plaintiff alleges that his rights were violated by officers employed by the Metropolitan Transportation Authority ("MTA"), nothing in the Complaint suggests that any officer or employee of Croton-on-Hudson was involved in the events giving rise to his claims. The Court therefore dismisses Plaintiff's claims against Croton-on-Hudson for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to replead his claims against Croton-on-Hudson in an amended complaint alleging facts suggesting that the municipality has a policy, practice, or custom that caused a violation of his federal rights.

**C. Service on remaining Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP

F.3d. 119, 123 n.6 (2d Cir. 2013) ("Generally, a *pro se* litigant proceeding *in forma pauperis* is entitled to rely on the U.S. Marshals Service to effect service."); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants MTA; MTA Officer Alvin Li, Shield #3486; MTA Officer Shea William, Shield #3353; MTA Officer Adrian Loughnane, Shield #3341; and MTA Supervisor Anthony Tortora, Shield #3823 through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the Complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims seeking dismissal of his state criminal charges as barred by the *Younger* doctrine.

---

and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

The Court dismisses Plaintiff's claims against Croton-on-Hudson for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Clerk of Court is directed to issue summonses for Defendants MTA Transit; MTA Officer Alvin Li, Shield #3486; MTA Officer Shea William, Shield #3353; MTA Officer Adrian Loughnane, Shield #3341; and MTA Supervisor Anthony Tortora, Shield #3823, complete the USM-285 form with the address for each of these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 8, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Metropolitan Transportation Authority
   2 Broadway
   New York, NY 10004

2. Officer Alvin Lee, Shield #3486
   MTA Police Department – Westchester County
   24 South Mcquesten Parkway
   Mount Vernon, NY 10550

3. Officer Shea William, Shield #3353
   MTA Police Department – Westchester County
   24 South Mcquesten Parkway
   Mount Vernon, NY 10550

4. Officer Adrian Loughnane, Shield #3341
   MTA Police Department – Westchester County
   24 South Mcquesten Parkway
   Mount Vernon, NY 10550

5. Supervisor Anthony Tortora, Shield #3823
   MTA Police Department – Westchester County
   24 South Mcquesten Parkway
   Mount Vernon, NY 10550